**FILED**

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAY 2 6 2020   *cno*

**MITCHELL R. ELFERS**
CLERK OF COURT

*1:55 pm*

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              CR No. 14-195 KG

TERRY LYNN LITTLE II,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon Defendant's Motion for Compassionate Release (Doc. 72). Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582 and the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. He alleges the COVID-19 pandemic poses an unreasonable risk of harm in federal prison. Having carefully reviewed the record and applicable law, the Court will deny the Motion without prejudice.

I. <u>Background</u>

In 2013, police arrested Defendant after he allegedly threatened his mother with a shotgun. (Doc. 1) at 2. A grand jury indicted Defendant pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for possessing a firearm as a felon. (Doc. 12) at 1. According to the Indictment, his prior felonies include: (a) criminal sexual penetration; (b) aggravated assault with a deadly weapon; (c) aggravated battery causing great bodily harm; and (d) failure to register as a sex offender. *Id.* Defendant pled guilty to the firearm charge on April 3, 2014. *Id.* at 8. The Court sentenced him to 120 months imprisonment, followed by three years of supervised release. (Doc. 47) at 2. The conditions of supervised release include sex-offender treatment, a psychosexual evaluation, and limitations on pornography and contact with children. *Id.* Defendant filed a direct appeal

challenging these sex-offender conditions. The Tenth Circuit dismissed based on the appeal waiver in the Plea Agreement. (Doc. 61-1) at 1. Defendant also challenged the conviction under 28 U.S.C. § 2255, but he voluntarily dismissed that proceeding in 2017. (Doc. 71).

On May 18, 2020, Defendant filed the instant Motion seeking compassionate release due to COVID-19. (Doc. 72). He points out that COVID-19 has infected over 1.2 million Americans and killed 80,000 or more people. *Id.* Within the Bureau of Prisons (BOP), COVID-19 has allegedly "infected thousands and killed many inmates and staff." *Id.* at 1. Defendant further contends that prisoners cannot follow the CDC guidelines regarding social distancing. *Id.* According to Defendant, these facts constitute "extraordinary and compelling reasons" justifying his immediate release from prison. *Id.* at 2. The BOP Inmate Locator reflects that Defendant is currently housed at USP Tucson. *See* https://www.bop.gov/inmateloc/. He is 38 years old, and his release date is May 5, 2022. *Id.*

II. Discussion

*A. Request to Appoint Counsel*

As an initial matter, Defendant asks the Court to appoint counsel in this proceeding. (Doc. 72) at 3. The Court will deny that request, for two reasons. First, "no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)." *United States v. Olden,* 296 Fed. App'x. 671, 674 (10th Cir. 2008). Section 3582(c) governs "modification of an imposed term of presentment," including compassionate release. *See* 18 U.S.C. § 3582(1)(A). Second, as discussed below, the allegations do not demonstrate a colorable entitlement to compassionate release.

*B. Compassionate Release*

Prior to the enactment of the First Step Act, only the BOP could seek compassionate release

under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.

Aside from allowing prisoners to bring a motion directly, the First Step Act did not change the standards for compassionate release. Relief is available where the sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). *See also U.S. v. Saldana,* 2020 WL 1486892, at *2 (10th Cir. Mar. 26, 2020) (looking to USSC factors to define extraordinary and compelling reasons for release). The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. n.1.

Some courts have found "extraordinary and compelling reasons" to justify compassionate release where the defendant's serious underlying health conditions place him at high risk of infection and death from COVID-19. *See U.S. v. McCarthy*, 2020 WL 1698732, at *5 (D. Conn. Apr. 8, 2020) (collecting cases involving asthma, diabetes, and compromised immune systems); *U.S. v. Jenkins*, 2020 WL 2466911, at *6 (D. Colo. May 8, 2020) (releasing inmate based on age and stroke risk); *U.S. v. Lopez*, 2020 WL 2489746, at *3 (D.N.M. May 14, 2020) (analyzing release

3

based on age, blood pressure, and diabetes). However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). *See also U.S. v. Nwankwo*, 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

The instant Motion relies solely on the hypothetical risk posed by COVID-19. Defendant provides no information about his health or underlying medical conditions. He also fails to provide any information about USP Tucson, or allege that facility has a substantial outbreak of COVID-19. Alternatively, even if Defendant demonstrated extraordinary and compelling reasons for a release, the Court cannot find he exhausted administrative remedies with the BOP. Defendant merely states that Section 3582 "authorizes [a] reduction in sentence even if the BOP opposes the motion." (Doc. 72) at 1. It is not clear whether he assumes the BOP opposes relief, or whether he tried and failed to obtain compassionate release through the BOP before filing the Motion. As one court recently explained, "[t]he submission of a sufficient record to show exhaustion ... is fundamental to this Court's function in deciding a compassionate release motion. Congress clearly wanted these applications decided at the administrative level if possible." *U.S. v. Bolino*, 2020 WL 32461, at *2 (E.D.N.Y. Jan. 2, 2020).

For these reasons, the Court finds the Motion is procedurally defective and fails to allege extraordinary and compelling reasons justifying a release. The Court will deny the Motion without reaching the factors addressing community safety and Section 3553(a). The denial will be without prejudice. Defendant may refile a motion to include more information about risk factors and the

exhaustion of BOP remedies.    However, Defendant is warned that even if he qualifies for compassionate release from a medical standpoint, the Court may still deny the Motion based on other factors, including his risk to the community.

   IT IS ORDERED that the Motion for Compassionate Release (Doc. 72) is denied without prejudice.


_____
UNITED STATES DISTRICT JUDGE